# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

WENDY MERCEDES MARIN MARCELO,
40012 Christopher Avenue
Gaithersburg MD 20879

   *Plaintiff*,

    v.

UNIFIED RESTAURANTS LLC,
2722 John Mills Road
Adamstown MD 21710

SERVE:  WAQAS HASSAN,
          2722 John Mills Road
          Adamstown MD 21710

WAQAS HASSAN
2722 John Mills Road
Adamstown MD 21710

   *Defendants*.

Case No.: 25-3091

## COMPLAINT

Plaintiff, Wendy Mercedes Marin Marcelo ("Plaintiff") brings this action against Defendants Unified Restaurants LLC ("Unified"), and Waqas Hassan ("Waqas Hassan") its owner and CEO (collectively the "Defendants") for violations of the Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427 and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

## THE PARTIES

1. Plaintiff is an adult resident of Montgomery County, Maryland. She was employed by Defendants from in or around March 2024 to May 15, 2024 (The "first period") and from November 2024 to July 19, 2025 (the "second period"). During the first period, Plaintiff's primary duties were preparing food, serving food and acting as cashier at "And Shawarma" Restaurant located 15918 Shady Grove Road Gaithersburg, Maryland 20877. During the entire time Plaintiff worked for Defendants, Plaintiff was employed in Montgomery County Maryland at the And Shawarma restaurant.

2. During the second period of her employment with Defendants, she performed the same functions. None of Plaintiff's duties are functions which are exempt from the overtime and minimum wage provisions of the FLSA and the MWHL. Moreover, Plaintiff was paid on an hourly basis and therefore did not fall within any FLSA or MWHL exemption.

3. Unified is a corporation incorporated under the laws of the State of Maryland. It owns and operates the And Shawarma restaurant in Gaithersburg, Maryland. Unified was Plaintiff's "employer" defined within the FLSA, the MWHL and the MWPCL because, through its agents, owners, managers and officers, it employed Plaintiff directly, it hired her and it set her rate of pay, it set the terms and conditions of her employment, it set her schedule of work hours and work days, it directed her in the performance of her work, it assigned her work, it maintained her employment records, it paid her wages and it committed the violations of the FLSA, the MWHL and the MWPCL, by failing to pay her an overtime premium for her overtime hours and failing to pay her the Maryland Minimum Wage for many of her work hours.

4. Unified is an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203(s)(1), as Unified had: (1) employees engaged in commerce or the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

5.  Waqas Hassan is an employer of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because: (1) he is a manager, owner, officer and member of Unified, who is significantly involved Unified's business operations; (2) he supervised the Plaintiff directly; (3) he is responsible for creating and enforcing Unified's policies and procedures governing employee pay, work hours, and rates and manner of pay, including those of Plaintiff; (3) he had the authority to hire and fire Plaintiff and did in fact hire her on both occasions and he terminated her employment on or about July 19, 2025; (4) he personally set and approved Plaintiff's rate and manner of pay; (5) he made or approved the decision not to pay Plaintiff an overtime premium for her overtime hours and not to pay Plaintiff in accordance with the Maryland Minimum Wage; (6) he controlled the corporate funds which were used to pay Plaintiff and other employees and he could and did allocate funds as profits for her benefit, in order to make Unified more profitable; (7) he maintained Plaintiff's employment records at Unified headquarters; and (8) he either scheduled Plaintiff to work more than 40 hours per week and/or directed a lower level manager to do so.

6.  Specifically, Waqas Hassan hired Plaintiff in May 2024 and in November 2024, set Plaintiff's rate and manner of pay, set her schedule, paid Plaintiff's wages and from time to time supervised her. He also terminated her employment on or about July 19, 2025.

## VENUE

7.     Venue is proper in this Court's southern division under 28 U.S.C. § 1391 (b)(1) because all times relevant to this Complaint, the restaurant where Plaintiff was employed was located in Montgomery County, Maryland.

## SUBJECT MATTER JURISDICTION

8.     The subject matter jurisdiction of this Court is based upon 28 U.S.C. §1331 and 29 U.S.C. §217.  The Court has subject matter jurisdiction under §1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §1367.

## PERSONAL JURISDICTION

9.     This Court has specific and general personal jurisdiction over Unified under Maryland's Long Arm Statute, Md. Code Ann., Cts. & Jud. Proc. §§ 6-102 and 6-103 because, throughout the *relevant period*, Unified was organized under the laws of the State of Maryland, its corporate headquarters was in Maryland, and it regularly transacted business in the State of Maryland by maintaining a restaurant business. In addition, Plaintiff's causes of action arise out of (or relate to) Unified's contacts with the State of Maryland, because during the time Plaintiff performed work for Unified in Maryland (where she worked exclusively), Unified violated the FLSA, the MWHL and the MWPCL, by failing to pay Plaintiff an overtime premium for her overtime hours and by failing to pay her the Maryland Minimum Wage until sometime in January 2025, when she received a raise.

10.    This Court also has general personal jurisdiction over Waqas Hassan because he is domiciled (*i.e.* he resides) in the State of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. Art. § 6-102. Moreover, this Court has specific jurisdiction over Waqas Hassan pursuant to §6-103, because

4

directly, and through agents of Unified, he transacted business in Maryland and/or performed work or services in Maryland, by owning and operating restaurant in the state of Maryland. Furthermore, Plaintiff's cause of action arises out of (or relates to) Waqas Hassan's contacts with the State of Maryland, because during the time period that Plaintiff worked for Unified in Maryland, Waqas Hassan, as an employer of Plaintiff, violated the FLSA and the MWHL, by failing to pay her an overtime premium for her overtime hours and failing to pay her the Maryland Minimum Wage for many of her work hours.

## STATEMENT OF FACTS

11. Plaintiff was employed by defendants from in or around March 2024 to May 15, 2024 (The "first period") and from November 13, 2024 to July 19, 2025 (the "second period").

12. At all times relevant to the Complaint, Plaintiff worked at And Shawarma Restaurant located in Montgomery County Maryland.

13. Plaintiff's duty in the first period was to prepare food for customers, service customers, ring up orders on the cash register and clean the restaurant.

14. During the first period, Defendants paid Plaintiff a fixed hourly wage of $13.50. Plaintiff subsequently received raises to $14.00 per hour and then $14.50 per hour. And from January or February 2025 to July 19, 2025, Plaintiff's fixed hourly wage was $18.00.

15. During the first period, Plaintiff worked six days per week. However, the days of the week she actually performed work varied based on the schedule. During the second period, she worked between five and six days per week. Normally, during the second period, she worked six days per week approximately twice per month.

16. During the first period, she arrived at work at approximately 10:30 a.m. each workday and she would leave work between 11:30 p.m. or 11:45 p.m. Plaintiff estimates that during the first period she worked an average of 76 to 78 hours per week.

17. During the second period, Plaintiff arrived at work between 10:30 a.m. and 11:30 a.m. each workday and she would leave work between 11:20 p.m. and 11:45 p.m. Plaintiff estimates that during the second period, she worked an average of between 68 and 70 hours per week.

18. Plaintiff was afforded a short lunch break of no more than 20 minutes a day which was not a bona fide lunch break because it was too short and because she was frequently interrupted during her lunch break. Therefore, the lunch break was compensable work time.

19. Defendants knew or should have known that Plaintiff was working overtime on a regular basis. Specifically, Waqas Hassan and a restaurant manager (Azmeer Hassan) set Plaintiff's work schedule and scheduled her to work more than 40 hours per week. Additionally, Waqas Hassan and Azmeer Hassan were present in the restaurant and would observe Plaintiff working more than 40 hours in a work week. And finally, Waqas Hassan and Azmeer Hassan paid Plaintiff for more than 40 hours in a workweek, albeit at straight time rates without the required overtime premium.

20. During the first period, the Defendants did not have a time-keeping system. Instead, Waqas Hassan and Azmeer Hassan kept track of Plaintiff's work hours based on their observations and Plaintiff's work schedule.

21. During the second period, Defendants utilized an app to keep track of her time. The app was called "Square". Plaintiff would use Square to clock in and out during all or part of the second period.

22. During the first period, Defendants paid Plaintiff both with cash and by check. For the second period, they paid her by direct deposit into her bank account and supplemented the direct deposit payments with cash.

23. Defendants never paid Plaintiff an overtime premium for her overtime hours, but instead paid her at straight time rates.

24. Additionally, throughout both the first and second periods, Plaintiff's hourly rate was below the Maryland mandated minimum wage. As of January 1, 2024, the minimum wage was $15.00 per hour. However, Defendants paid Plaintiff at the rate of between $13.50 and $14.50 per hour until January 2025 (when she was given a raise).

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

25. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

26. At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

27. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

28. At all relevant times, Unified was an enterprise engaged in commerce within the meaning of the FLSA.

29. Defendants violated the FLSA by failing to pay Plaintiff an overtime rate for her overtime hours throughout her employment.

30. Defendants' actions were not undertaken in good faith or with a reasonable belief that they were lawful, so as to entitle Plaintiff to liquidated damages.

31. Plaintiff is not able to calculate her damages because she is not in possession of all pertinent records.

32. Defendants are liable to Plaintiff pursuant to 29 U.S.C. § 216 (b) for unpaid and illegally withheld overtime wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

33. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

34. At all times relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the MWHL.

35. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

36. Defendants violated the MWHL by failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked in a work week, and in many weeks failing to pay Plaintiff the applicable Maryland minimum wage rate for each hour she worked.

37. Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

38. Plaintiff is not able to calculate her damages because she is not in possession of all pertinent records.

39. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for her unpaid and illegally withheld minimum wages and overtime wages and an additional equal amount as liquidated damages, court costs, attorneys' fees and costs.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

40. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

41. At all times relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the MWPCL.

42. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWPCL.

43. Defendants violated the MWPCL by failing to pay Plaintiff the applicable Maryland Minimum Wage and by failing to pay Plaintiff an overtime premium for her overtime hours.

44. Defendants' unlawful failure or refusal to pay the required wages was not the result of a bona fide dispute within the meaning of the MWPCL.

45. Plaintiff is not able to calculate her damages because he is not in possession of all pertinent records.

46. As a result, Defendants are liable to Plaintiff pursuant to the MWPCL for her unpaid Maryland minimum wages and overtime premium and an additional equal amount as liquidated damages, court costs, attorneys' fees, and costs.

**REQUEST FOR RELIEF**

THEREFORE, Plaintiff requests that this Court grant her the following relief:

    a) enter a judgment against Defendants jointly and severally, and in favor of Plaintiff under the FLSA, in the amount of her unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages;

    b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff based on their violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime wages and Maryland minimum wages and an equivalent sum as liquidated damages;

    c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld minimum wages, overtime wages, and liquidated damages equivalent to twice the amount of the unpaid wages;

    d) enter judgment against Defendants, jointly and severally, and in favor of Plaintiff for her litigation costs and reasonable attorneys' fees incurred in this action.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com


/s/Andrew Balashov
Andrew Balashov
MD Bar No. 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
Telephone:     (301) 587-6364
Facsimile:      (301) 587-6308
e-mail : abalashov@melehylaw.com

*Attorneys for Plaintiff*